IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:08MJ75 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| OSCAR COLMENARES GONZALEZ, | ) | RE: MATERIAL WITNESS |
| | ) | NOE ALBERTO ESPINOZA-SOLIS |
| Defendant. | ) | |

      This matter is before the court on the application of the United States for the arrest and detention of a material witness, Noe Alberto Espinoza-Solis. The court having found the application set forth the materiality of the witness's testimony in the above-captioned matter and it may become impracticable to secure the presence of the witness by subpoena, an arrest warrant was issued for the arrest of witness Espinoza-Solis on April 10, 2008, pursuant to 18 U.S.C. § 3144. Following the witness's arrest, the witness Espinoza-Solis was brought before the undersigned magistrate judge for a hearing on April 11, 2008.

      Espinoza-Solis appeared with his court-appointed counsel, Brandie M. Fowler. Assistant U.S. Attorney Frederick D. Franklin represented the United States. During the hearing, Laura Garcia-Hein, a certified interpreter in the Spanish language served as interpreter.

      The court took judicial notice of the application and attached affidavit. Through counsel, Espinoza-Solis requested a hearing on the government's request for her detention as a material witness. The hearing was continued to April 15, 2008. Espinoza-Solis again appeared with his counsel and presented no evidence on the government's request that he be detained as a material witness.

      I find that the testimony of Espinoza-Solis would be material in this criminal proceeding against Oscar Colmenares Gonzalez. I further find it may become impracticable to secure the presence of the witness by subpoena if the witness absconds or is deported to Mexico if he were released from custody on conditions. Since the BICE has placed a detainer with the U.S. Marshal for deportation proceedings regarding the witness and the witness has no roots in this community or state, I find there is no condition

or combination of conditions that would reasonablely assure the presence of the witness for the upcoming criminal proceedings in this matter if he were released on conditions.

**IT IS ORDERED:**

1.   The witness, Noe Alberto Espinoza-Solis, is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The witness shall be afforded a reasonable opportunity for private consultation with his counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the witness to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

2.   Any motion or request for a deposition of the witness pursuant to Fed. R. Crim. P. 15(a) and 18 U.S.C. § 1344 shall be served on all parties to this case.

DATED this 16th day of April, 2008.

                                              BY THE COURT:

                                               s/Thomas D. Thalken
                                            United States Magistrate Judge